JAMES AND MABEL TYLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tyler v. Commissioner
Docket No. 23094-83.
United States Tax Court
T.C. Memo 1985-510; 1985 Tax Ct. Memo LEXIS 126; 50 T.C.M. (CCH) 1197; T.C.M. (RIA) 85510; September 26, 1985. John J. O'Toole,David L. Kay, and G. Michael Saran, for the petitioners. Joy M. Miyasaki, for the respondent. PARKER MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $37,205. The case is before the Court on respondent's *127 motion to dismiss for lack of jurisdiction. The issue for decision is whether respondent's statutory notice of deficiency was mailed to petitioners' "last known address," within the meaning of section 6212(b)(1). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time they filed their petition in this case, petitioners maintained their legal residence at 134 Fresh Pond Road, East Brunswick, New Jersey (the "East Brunswick address"). On September 17, 1979, petitioners filed their joint Federal income tax return (Form 1040) for their taxable year 1978 with the Internal Revenue Service, Brookhaven Service Center in Holtsville, New York. This 1978 return showed petitioners' address as 2 Sweetbriar Road, Somerset, New Jersey (the "Somerset address"). Petitioners' Federal income tax returns for 1979 and 1980 also *128 showed the Somerset address. The Internal Revenue district in which the petitioners resided when they filed their 1978 income tax return was the Newark, New Jersey district. In the spring of 1980, respondent's Newark office commenced an examination of petitioners' 1978 return; petitioners were notified by mail at the Somerset address. Petitioners' accountant, Jack Weiss, represented them at the office audit. Except for items relating to two partnerships already under audit, the examiner proposed no adjustments. Accordingly, the examiner closed the file and forwarded it to a field agent. Because the return involved tax shelter issues, it was put into a suspense status with the Examination Support Unit, awaiting completion of the partnership audits. [2]
In January of 1982, petitioners moved from the Somerset address to the East Brunswick address. At the time of their move, petitioners filed with the United States Postal Service a notice of their change of address, requesting that any mail addressed to them at the Somerset address be forwarded to the East Brunswick *129 address. On four separate occasions, the Examination Support Unit of respondent's Newark office mailed to petitioners Forms 872-A (Special Consents to Extend the Time to Assess Tax), seeking to have petitioners consent to an extension of the statute of limitations. The first of these forms was sent by regular mail sometime before January 6, 1982; the second was sent by regular mail on January 6, 1982; the third was sent by regular mail on February 27, 1982; and the fourth was sent by certified mail on March 15, 1982. No return receipt was requested for the March 15, 1982 form. These four Forms 872-A were mailed to the Somerset address, and petitioners received all four of them. Petitioners forwarded each of these Forms 872-A to their accountant or their lawyer. [3] Petitioners were aware that the forms had been initially addressed to the Somerset address and then forwarded to them at the East Brunswick address by the Postal Service. Acting on the advice of their accountant or their lawyer, petitioners did not execute and return any of the Forms 872-A. *130 On April 15, 1982, petitioners filed with the Internal Revenue Service, Brookhaven Service Center in Holtsville, New York, an application for an automatic extension of time (until June 15, 1982) to file their 1981 income tax return. That application listed the Somerset address. On June 29, 1982, petitioners filed with the Brookhaven Service Center in Holtsville, New York, a second application for an extension of time (until August 15, 1982) to file their 1981 income tax return. This application showed the East Brunswick address. On July 21, 1982, petitioners filed their 1981 income tax return with the Brookhaven Service Center. This return also showed and East Brunswick address. As of September 10, 1982, there were only two documents submitted to respondent by petitioners setting forth their East Brunswick address--their second application for an extension of time to file their 1981 income tax return and their 1981 income tax return, both of which had been filed with the Service Center at Holtsville, New York. The Service Center has a computer system (AIMS), but the record does not indicate whether or not the information from the extension request and the 1981 tax return had *131 been put into the computer as of September 10, 1982. As of September 10, 1982, aside from the two documents referred to above, petitioners had not in any manner communicated their East Brunswick address to respondent. At no time on or before September 10, 1982, did respondent communicate with petitioners at their East Brunswick address. At no time on or before September 10, 1982, did petitioners file with respondent, for their taxable year 1978, a power of attorney or any other notice under section 6903 of the existence of a fiduciary relationship. Under the normal procedures of respondent's Brookhaven Service Center, the information on petitioners' extension request and return for 1981, including the East Brunswick address, would have been put into the AIMS central computer at some point. Information from this computer was available to members of the Newark office's quality review staff responsible for the preparation of statutory notices of deficiency.The record does not indicate how long it took for new return information to be programmed into respondent's computer, nor haw long it would have taken for an agent in the Newark district office to gain access to such information. *132 [4]
On September 7, 1982, Revenue Agent Howard Cubberly, a member of the quality review staff in respondent's Newark office, received petitioners' administrative file from the Examination Support Unit. Mr. Cubberly prepared the statutory notice of deficiency issued to petitioners. All of the information in petitioners' administrative file--petitioners' 1978 return, the examiner's report, workpapers, respondent's retained copies of the four Forms 872-A sent to petitioners--showed their address as the Somerset address. Mr. Cubberly did not seek any information from respondent's computer regarding petitioners' address.There was nothing in petitioners' administrative file *133 that indicated any problem in regard to petitioners' address or to suggest in any way that the Somerset address was incorrect. On September 10, 1982, respondent's notice of deficiency was sent to petitioners at the Somerset address by certified mail. [5] The executed Acceptance of Registered, Insured, C.O.D. and Certified Mail, Postal Service Form 3877, listed the statutory notice as "Article 33333." The Postal Service forwarded the statutory notice (Article 33333) to East Brunswick for delivery. The East Brunswick Post Office unsuccessfully attempted to deliver the deficiency notice to petitioners' East Brunswick address. Notice was left at petitioners' East Brunswick address of the unsuccessful effort to deliver Article 33333, and two follow-up notices were also left at petitioners' East Brunswick address, but Article 33333 was never picked up. [6] From these three notices petitioners could not have determined that Article 33333 came from the Internal Revenue Service. In any event, after the three unsuccessful efforts to deliver, the East Brunswick Post Office placed the deficiency notice back into the "mail stream" to be returned to respondent. The deficiency notice left the *134 East Brunswick Post Office on September 29, 1982, on its way to respondent's Newark office. Petitioner James Tyler is familiar with United States Postal Service *135 forms left with patrons after an unsuccessful attempt to deliver certified mail. It was Mr. Tyler's customary practice to claim certified mail upon the receipt of such a notice. [7] Respondent's records do not indicate that the deficiency notice was ever returned to it. Throughout the audit and preparation of this case, petitioners were represented by an accountant, an attorney, or both. Petitioners' practice was to forward to their accountant or attorney all communications from the Internal Revenue Service. The 90-day *136 period after the mailing of the statutory notice of deficiency expired on December 9, 1982. If that deficiency notice is found to be invalid, the three-year statute of limitations for petitioners' taxable year 1978 will have expired on September 17, 1982. In another case that petitioners have filed in this Court, docket No. 8125-83, both the deficiency notice, dated January 13, 1983, and their petition, filed April 12, 1983, show the Somerset address. The first paragraph of that petition alleges that "The petitioners at the filing of this petition had their legal residence at 2 Sweetbriar Road, Somerset, New Jersey." Respondent's first use of the East Brunswick address was a letter from the Brookhaven Service Center at Holtsville, New York dated April 1, 1983 or May 4, 1983. On May 25, 1983, petitioners submitted to respondent a power of attorney for 1981, showing the Somerset address. That power of attorney, signed by both petitioners and their accountant, lists the Somerset address in two locations--at the top of the page in the space for the taxpayer's name and address and also in the lower half of the page where are typed in the names and addresses of those persons who *137 are to receive copies of notices and other written communications.Mr. Tyler's name is listed there at the Somerset address. The petition in the present case was mailed to the Court on August 2, 1983, 326 days after September 10, 1982, and was filed with the Court on August 8, 1983, 332 days after September 10, 1982. ULTIMATE FINDING OF FACT The Somerset address was petitioners' "last known address" as of September 10, 1982. OPINION A valid statutory notice of deficiency and timely filing of the petition are both jurisdictional in this Court. , affd. without published opinion ; . The petition in this case was neither mailed nor filed within 90 days of the date on which respondent's statutory notice of deficiency was mailed to petitioners. Accordingly, we must grant respondent's motion to dismiss for lack of jurisdiction, unless we find, as petitioners contend, that the notice of deficiency was invalid, i.e., did not comply with section 6212. Secs. 6213(a), 7502; Rule 13(c). Since petitioners never received *138 the notice of deficiency, respondent relies upon the safe harbor of section 6212(b)(1), which provides that a notice of deficiency mailed to the taxpayer's "last known address" is sufficient. , cert. denied , affg. ; , affg. a Memorandum Opinion of this Court; ; . A statutory notice of deficiency mailed to a taxpayer's last known address "is valid for all purposes on the date of its mailing even if the taxpayer never receives it." ; ;, affd. without published opinion ; . As we stated in : *139 Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's "last known address." We have defined it as the address to which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. In determining whether respondent has mailed a notice to the taxpayer's "last known address," the relevant inquiry thus pertains to respondent's knowledge rather than to what may in fact be the taxpayer's most current address. ; ; , affd. without published opinion . Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, respondent is entitled to treat the address shown on the return for which the notice of deficiency is being issued as the taxpayer's "last known address." However, once respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining and *140 mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. , revg. an unpublished order of this Court; ; . See also , and In this case, the only notification petitioners gave to respondent of their new address (the East Brunswick address), prior to his issuance of the statutory notice of deficiency herein, was their second extension request for 1981 and their 1981 return. Petitioners sent both of those documents to respondent's Brookhaven Service Center in Holtsville, New York, not to the Newark district office that was auditing their 1978 return. Respondent relies upon several cases holding that the taxpayer's filing of a later year's return is not, in and of itself, sufficient to notify respondent of an address change. See ; *141 ; . [8] Petitioners, recognizing this line of authority, ask that we depart from this "rule," either as "eroded" or "bad law." Petitioners argue that the basis of these holdings--the separateness of the Service Center with which the later returns were filed and the district office conducting the audit--has been eroded by advances in respondent's record keeping abilities due to his use of computers, and by the swift access agents in the district offices have to information in the Service Center computers. Petitioners ask that we follow the various circuit courts that hold that a subsequent return may constitute the requisite "clear and concise" notification of a change of address. See, e.g., , and cases cited therein; ; . We note, as will be discussed below, that these cases involved more than just the mere filing of a subsequent *142 year's return. Even accepting, for purposes of this case only, petitioners' position that the request for extension and the 1981 tax return may constitute the requisite adequate notification, we think, on the facts of this case, that such "notice" here would still be inadequate. [9] Here, unlike , respondent did not have knowledge that petitioners had moved. Here, unlike , and , respondent had never communicated with petitioners at the East Brunswick address (the address shown on the 1981 return and the second extension request) prior to issuing the statutory notice, or at any time before April 1, 1983, or May 4, 1983. Here, nothing in the administrative file gave the revenue agent any clue that petitioners had moved. Indeed, well after the deficiency notice herein was mailed, petitioners themselves continued to use their old *143 address (the Somerset address) in regard to their tax matters--on a petition to this Court filed on April 12, 1983, and on a later year's power of attorney filed with respondent on May 25, 1983. Compare . Moreover, another significant factual difference in the instant case is that early in 1982 petitioners received four separate Forms 872-A, requesting them to extend the limitations period for 1978. These forms has been addressed to the Somerset address and had been forwarded from the Somerset address to the East Brunswick address, a fact that petitioners recognized. Thus, petitioners and their tax advisors were aware that petitioners' 1978 return was still under audit, and they were aware that the Newark district office conducting *144 the audit was still using their old address. In the face of this specific knowledge, petitioners did nothing to notify respondent's Newark district office of their new address. Petitioners miss the mark with their argument that Revenue Agent Howard Cubberly, who prepared the statutory notice of deficiency herein, could have found the East Brunswick address had he examined the computer data available from the Service Center. [10] Respondent's obligation to exercise reasonable care in ascertaining petitioners' correct address arises only once he becomes aware of an address change. Petitioners knew that respondent's agents at the Newark district office were still using their old Somerset address. Since Cubberly had no reason from the administrative file to question the Somerset address, he had no reason to endeavor to discover another address. To hold respondent to an address change that might have been contained in the Service Center computer is to do away with the clear and concise notification requirement and to require every agent issuing a statutory notice of deficiency to check respondent's computer records for any possible address change. We decline to impose such a requirement *145 upon respondent. Cf., . *146 Petitioners did not give respondent "clear and concise" notification of their new address before respondent's agent issued the statutory notice of deficiency herein. Respondent was entitled to rely upon the address shown on petitioners' 1978 return. On the facts of this case, the Somerset address was petitioners' "last known address" within the meaning of section 6212(b)(1). Accordingly, the statutory notice of deficiency was proper, the petition was untimely, and respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in question, and all "Rule" references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of the evidentiary hearing in this case, those partnership audits had not yet been completed.↩
3. Their lawyer at that time was someone other than their counsel in this proceeding and apparently was not a tax lawyer.↩
4. Petitioners argue that Revenue Agent Cubberly's testimony showed that the information could be obtained from the computer in just one day. His testimony was that to obtain information from the computer in regard to a taxpayer's last known address would take several days. The reference to one day pertained to obtaining information as to whether other years of the taxpayer were involved in the shelter audit. The latter testimony referred to special information available for tax shelters under examination.↩
5. Respondent did not request a return receipt for the deficiency notice. It was neither a required nor a normal practice in respondent's Newark office to request such a return receipt for a statutory notice of deficiency. ↩
6. At the evidentiary hearing, petitioners challenged the testimony of the employee from the East Brunswick Post Office because he had no personal knowledge or recollection of the attempts to deliver Article 33333. However, he testified as to the normal practice and procedure in attempting to deliver certified mail. The documentary evidence from the East Brunswick Post Office is consistent with that normal practice and procedure, and there is nothing in the record to suggest that the normal practice and procedure was not followed in this instance. We think there is no doubt about the matter, but in any event we would be warranted in relying upon the presumption of official regularity. See and the cases cited therein.↩
7. Mr. Tyler testified on direct examination that it was his "recollection that there were no certified notices left for any reason" during September or October of 1982. The Court did not believe this testimony. Mr. Tyler gave no reason to explain why he would have recalled anything about the matter one way or another. The Court found Mr. Tyler's testimony on cross-examination to be vague and rather evasive. However, the Court makes no finding as to whether Mr. Tyler personally received the notices from the East Brunswick Post Office. The Court is satisfied that the three notices were sent to his East Brunswick address by the East Brunswick Post Office.↩
8. See also ; ; .↩
9. Thus, we need not resolve any differences that may exist between our opinions and those of the various circuit courts relied upon by petitioners. See also , affd. by unpublished opinion ; .↩
10. The record before the Court does not contain the necessary factual predicate for petitioners' argument. While the information on the second extension request, dated June 29, 1982, and on the 1981 tax return, filed July 21, 1982, would ultimately be programmed into the AIMS computer system at the Brookhaven Service Center, the record does not show whether that had been done by September 7, 1982, when Cubberly received petitioners' 1978 administrative file or by September 10, 1982, when the notice of deficiency was mailed to them. Petitioners argue that respondent has the burden of proof because respondent filed the motion to dismiss for lack of jurisdiction because of an untimely petition (and petitioners did not cross-move, as they might have, to dismiss for lack of jurisdiction because of the expiration of the statute of limitations). However, respondent's argument does not depend on whether the AIMS system did or did not contain the East Brunswick address on those dates in September of 1982. Respondent's argument is that his agents at the Newark district office had no reason to check the computer system because there was nothing in the administrative file to suggest that the Somerset address was incorrect. Petitioners are the ones arguing that had the agents checked the AIMS computer, they would have discovered the East Brunswick address. All that the record shows is that the statutory notice of deficiency for the next year in audit, 1979, was mailed to the Somerset address in January of 1983; the petition to this Court in April of 1983 for that 1979 year bore the Somerset address; and the first time the Brookhaven Service Center used the East Brunswick address was in a letter dated April 1, 1983 or May 4, 1983. What a check of the Brookhaven AIMS computer would reveal would depend on when an inquiry was made and what information had been programmed into the computer by the time of the inquiry. When petitioners filed their power of attorney for the 1981 tax year, on May 25, 1983, they used the old Somerset address and requested that copies of all communications be sent to Mr. Tyler at the Somerset address.↩